# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action Number |
| | ) | 09-00235-01-CR-W-DGK |
| D'Shaun Butler, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court is the DEFENDANT'S MOTION TO DISMISS (Doc. #19) filed on August 8, 2011, by defendant D'Shaun Butler ("Butler"). On September 2, 2011, the undersigned held an evidentiary hearing on Butler's motion. Butler was present and represented by his counsel, Federal Public Defender Laine T. Cardarella. The government was represented by Assistant United States Attorney Paul Becker. At the evidentiary hearing, three witnesses testified: Dergeant Lee Richards, Officer Noah Stigall, and Officer Joel Godfrey, all with the Kansas City, Missouri Police Department. Additionally, the following exhibits were admitted into evidence:

| Number | Description |
|---|---|
| Gov't. #1 | Video log |
| Gov't. #2 | Highlighted video log |
| Gov't. ##3-4 | Blow-up photographs |
| Gov't. #5 | Videotaped statement |
| Def't. #N | Photograph |
| Def't. #Q | Photograph |

On the basis of all the evidence adduced at the evidentiary hearing, the undersigned submits the following:

## PROPOSED FINDINGS OF FACT

1. On June 27, 2009, Officers Noah Stigall and Joel Godfrey were working as patrol officers for the Central Patrol Division of the Kansas City, Missouri Police Department ("KCPD"). Tr. at 31-32, 53-54.

2. While on patrol at approximately 7:45 p.m. on that date, Officers Stigall and Godfrey observed a man (later identified as Butler) approach a woman and two children who were walking on the sidewalk near the intersection of 39th and Main streets in Kansas City, Missouri. Tr. at 33-38, 54-55.

3. The officers believed that the woman appeared to be frightened by Butler. Tr. at 33-38, 54-55.

4. The officers then decided to conduct a pedestrian check on Butler. Tr. at 38, 59.

5. As the patrol car approached, Butler began running away. Tr. at 42, 58.

6. As they pursued Butler in their patrol car, the officers turned on the patrol car's overhead lights and sirens. Tr. at 40, 58.

7. The patrol car being used by Stigall and Godfrey on June 27, 2009, was equipped with a dashboard camera that was activated by turning on the patrol car's overhead lights and siren. Tr. at 39-40, 58.

8. While pursuing Butler, Officer Stigall noticed that Butler was carrying a gun and saw him drop it during the pursuit. Tr. at 45, 60-61.

9. Eventually, officers arrested Butler and retrieved the gun. Tr. at 46, 49-50, 60.

10. Sergeant Lee Richards is the supervisor of the Patrol Video Unit for the KCPD. Tr. at 4.

11. The Patrol Video Unit is responsible for housing all of the videos captured by dashboard cameras on KCPD police cars. Tr. at 4.

12. At the end of patrol officers' shifts, they remove the hard drive in their patrol vehicles and place it in an "upload" bucket at their particular division. Tr. at 6-7.

13. At a later time, the hard drive video images are uploaded on to a KCPD computer at a particular patrol division (*e.g.,* Central Patrol) and then, later, to a KCPD centralized server. Tr. at 7-8.

14. Once the video images are verified as uploaded to the KCPD centralized server, the patrol divisions erase the images from their computers to make room for new videos. Tr. at 11.

15. The hard drive containing the "Butler video images" from the patrol car being used by Officers Stigall and Godfrey on June 27, 2009 was uploaded to the KCPD Central Patrol Division computer on June 29, 2009, at 2:04 a.m. Tr. at 8-9.

16. The "Butler video images" were then uploaded to the KCPD centralized server on June 30, at 2:59 a.m. Tr. at 9.

17. On June 30, 2010, the "Butler video images" were deleted pursuant to then KCPD policy inasmuch as 365 days[1] had passed since the video images had been placed on a storage disc and no "hold slips" for the video had been received by the Patrol Video Unit. Tr. at 12-13.

18. Neither Officer Stigall nor Officer Godfrey placed a hold on the video captured by the dashboard camera in their patrol car on June 27, 2009, when they pursued and arrested Butler. Tr. at 51, 66.

19. Officer Godfrey testified that although the officers would have intended to place a hold on the video, they either forgot to place the hold on the video or filled out the form and inadvertently left it somewhere. (Tr. at 66)

19. Sgt. Richards has determined that the "Butler video images" from patrol car being used by Officers Stigall and Godfrey on June 27, 2009, are not retrievable or recoverable. Tr. at 22.

### PROPOSED CONCLUSIONS OF LAW

In his motion to dismiss, Butler raises a single issue, namely that the case against him must be dismissed due the failure and inability of the government to produce the dashboard camera video of Butler's encounter with law enforcement officers on June 27, 2009. Specifically, Butler contends that the failure to preserve and produce the video violates his due process right to

---

[1] In August of 2010, the KCPD extended the retention period for videos from one year to two years. Tr. at 13-15.

3

have his criminal prosecution comport with "prevailing notions of fundamental fairness." *California v. Trombetta*, 467 U.S. 479, 485 (1984).

It is certainly true that constitutional due process rights are violated when the government "suppresses or fails to disclose material exculpatory evidence." *Illinois v. Fisher*, 540 U.S. 544, 547 (2004) (*per curiam*) (*citing Brady v. Maryland*, 373 U.S. 83(1963)). However, as noted by the Eighth Circuit in a case also involving a failure to preserve a video of a law enforcement encounter:

> If . . . the evidence in question is only potentially useful, as opposed to clearly exculpatory, then a criminal defendant must prove bad faith on the part of the police to make out a due process violation.

*United States v. Houston*, 548 F.3d 1151, 1155 (2008) (*citing Arizona v. Youngblood*, 488 U.S. 51, 57 (1988)). In this case, <u>at best</u>, Butler has only shown that the video from the dashboard camera of the patrol car is <u>potentially</u> useful; Butler has not established that the subject video would be <u>clearly</u> exculpatory. As such, the government's failure to maintain and preserve the video is only a violation of Butler's due process rights if Butler has proven bad faith on the part of the KCPD in destroying the video.

In this case, the subject video was destroyed by the KCPD after one year as part of its routine retention practices. The Court cannot and would not designate such an action – undertaken as part of a reasonable department-wide policy – to be done in bad faith. Moreover, the Court does not have any evidence before it to suggest that the actions of Officers Stigall and Godfrey in not placing a "hold" on the video was anything more than simple negligence. *Compare United States v. Guzman*, 2010 WL 234730, op. at *7 (D.Minn. Jan. 14, 2010) (no bad faith where evidence showed that "the videotape ha[d] become lost"); *Houston*, 548 F.3d at 1155

(no bad faith where evidence showed that the officers had never been trained to operate dashboard camera equipment). It is well settled that mere negligence does not amount to bad faith. *United States v. Iron Eyes*, 367 F.3d 781, 786–87 (8th Cir.2004). Based on the evidence and the pleading[2] at issue, the Court cannot recommend dismissal of this criminal action against Butler.

Accordingly, it is

**RECOMMENDE**D that the Court, after making an independent review of the record and applicable law, enter an order **DENYING** the DEFENDANT'S MOTION TO DISMISS (Doc. #19) filed on August 8, 2011, by defendant D'Shaun Butler.

Counsel are reminded that each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections to the same. A failure to file and serve timely objections shall bar attack on appeal of the factual findings in this report which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

                                                     /s/ *John T. Maughmer*
                                               **JOHN T. MAUGHMER**
                                               **U. S. MAGISTRATE JUDGE**

---

[2] The sole issue before the Court is whether the failure to preserve the video is grounds for dismissal. The Court makes no findings as to the propriety of witness questioning, jury argument or jury instruction regarding the destroyed video.