IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| D'SHAUN BUTLER, )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 14-CV-368-W-DGK-P |

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Movant D'Shaun Butler ("Butler") pled guilty to one count of possessing a firearm as a felon. This Court sentenced him to fifty-seven months' imprisonment. Butler has now filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. 1). For the reasons below, the motion is DENIED without an evidentiary hearing and the Court shall not issue a certificate of appealability.

### Factual Background and Procedural History

Butler pled guilty in this Court to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(1). At his change-of-plea hearing, Butler testified under oath:

> THE DEFENDANT: [M]y charge of felon in possession of a firearm, I accept – I'm here today to accept responsibility for that. And it – what led to this charge is some poor decision making on my behalf. . . . I was involved with a female who hit me with a gun across my face, and who pulled out a firearm on me who I disarmed for the firearm. That's how I got in possession of the firearm.
> And when the officers – when the officers came – when the officers pulled up, I actually thought that this woman called the police on me. And I'm like, wow, I'm a felon. I'm in firearm – I'm in possession of a firearm.

(Case No. 09-CR-235-W-DGK-1, Doc. 46, at 23).

The Court asked Butler whether he was pleading guilty under duress:

> THE COURT: [H]as anyone threatened or abused you or your family to cause you to plead guilty here today?
>
> THE DEFENDANT: No, sir.

(*Id.*, at 29). Finally, the Court inquired on Butler's decision to waive his right to trial:

> THE COURT: You understand that because you're pleading guilty today there will be no trial in Mr. [D'Shaun] Butler's case here today? You understand that?
>
> THE DEFENDANT: Yes.

(*Id.*, at 30).

The United States Court of Appeals for the Eighth Circuit recited the subsequent history of the case as follows:

> Before sentencing, the United States Probation Office prepared a presentence investigation report calculating an advisory Guidelines range of 46 to 57 months imprisonment (level 17, category V). Butler objected to the inclusion of a certain state conviction in his criminal history calculation because that conviction was vacated and subject to de novo review in state court. The district court overruled Butler's objection and sentenced Butler to 57 months imprisonment. In imposing Butler's sentence, the district court stated it considered varying upward, but determined 57 months was the appropriate sentence for Butler based upon the district court's analysis of the 18 U.S.C. § 3553(a) sentencing factors. Butler timely appealed his sentence.
> While Butler's initial appeal was pending, we granted his unopposed motion for remand to the district court for resentencing in light of the state court's dismissal of the contested conviction. On remand, the district court—accounting for the state court dismissal—recalculated Butler's advisory Guidelines range to be 37 to 46 months imprisonment (level 17, category IV). After considering Butler's arguments and the lower advisory Guidelines range, the district court varied upward and again sentenced Butler to 57 months imprisonment based upon the 18 U.S.C. § 3553(a) sentencing factors.

*United States v. Butler*, 743 F.3d 645, 646–47 (8th Cir. 2014). The Court of Appeals affirmed the sentence.

Butler filed the instant post-conviction motion on April 21, 2014.

## Standard of Review

A prisoner in custody for violating a federal law may move the district court under 28 U.S.C. § 2255 "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple trial errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citations omitted). To qualify for § 2255 relief, a movant must surmount several obstacles, two of which are relevant here. *See Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (en banc). First, the grounds for the motion must be "cognizable" under the statute, meaning the claimed error must be constitutional, jurisdictional, or "an error of law . . . constitut[ing] 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *see* 28 U.S.C. § 2255(a), (b).

Second, the petitioner must escape the procedural default quandary. If the movant raised an issue on direct appeal, then he generally may not relitigate that issue in a § 2255 motion. *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001). The movant can circumvent this bar by citing an intervening change in the law or newly discovered evidence. *English v. United States*, 998 F.2d 609, 613 (8th Cir. 1993). Conversely, if the movant did *not* raise an issue on direct appeal, then he is still barred from raising that issue in a § 2255 proceeding. *Bousley v. United States*, 523 U.S. 614, 622 (1998). The movant can circumvent this bar by establishing cause for the procedural default and actual prejudice, or that he is actually innocent. *Id.* Another exception to this rule is a claim of ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504–05 (2003).

**Discussion**

Butler argues the Court should grant his motion on five grounds: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) malicious sentence; (4) lack of district court jurisdiction; and (5) lack of evidence to convict him. Each argument lacks merit.

**I. Butler fails to demonstrate that his trial counsel was constitutionally ineffective.**

In Ground One, Butler claims that his trial counsel's ("Trial Counsel") performance was constitutionally ineffective in three ways. First, Trial Counsel advised Butler that she could not win the case if it went to trial. Second, Trial Counsel did not subpoena a witness whom Butler believes would have exculpated him. Third, Trial Counsel met with Butler in the presence of an investigator from Trial Counsel's office, which Butler believes violated attorney-client confidentiality.

The Sixth Amendment guarantees the right to effective assistance of trial counsel. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). To establish that counsel's assistance was so ineffective that it deprived the petitioner of his Sixth Amendment rights, he must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687. Both prongs of the *Strickland* test must be satisfied to obtain relief; if the Butler fails to establish one prong, then the court need not analyze the other prong. *Ramirez v. United States*, 751 F.3d 604, 607 (8th Cir. 2014).

To establish deficiency under the first *Strickland* prong, the petitioner must overcome the highly deferential judicial review of trial counsel's performance, which "indulg[es] a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic

choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

To establish prejudice under the second *Strickland* prong, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" for an objective factfinder. *Strickland*, 466 U.S. at 694–95. "A reasonable probability is a probability sufficient to undermine confidence in the outcome[; the] errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Strickland*, 466 U.S. at 687, 694) (internal citation and quotation marks omitted).

Here, even assuming that Trial Counsel's performance was deficient, she was not constitutionally ineffective because the record does not support a finding of prejudice. First, Butler claims that Trial Counsel advised him that she could not win his case if they brought it to trial. Butler has not shown that there is a reasonable probability that, but for Trial Counsel's comments, he would not have pleaded guilty. To the contrary, his testimony at his change-of-plea hearing indicates that he fully understood his right to take the case to trial, but chose not to regardless. Butler testified that he was knowingly and voluntarily pleading guilty. He indicated that he understood the consequences of his guilty plea, and that he was not coerced or threatened into pleading guilty. He did not indicate at any point during his hearing that the only reason he was pleading guilty was because Trial Counsel had suggested his case was unwinnable. The Court finds that Trial Counsel's comments had no reasonable probability of swaying the outcome of Butler's case, and so were not prejudicial under *Strickland*.

Second, Butler assigns error to Trial Counsel's decision not to subpoena a witness whom Butler believes would have offered favorable testimony at a suppression hearing. However, at

5
Case 4:09-cr-00235-DGK   Document 92   Filed 01/06/15   Page 5 of 9

his change-of-plea hearing, Butler testified that he had committed the conduct giving rise to his conviction. Because Butler's own testimony demonstrates he was guilty of this crime, the Court discerns no prejudice in Trial Counsel's refusal to call a witness at the earlier suppression hearing.

Finally, Butler argues Trial Counsel was ineffective for bringing along an office investigator when she met with him. Butler does not explain how this conduct was either deficient or prejudicial. Thus, he fails to demonstrate ineffective assistance of counsel on this ground.

Butler fails to make his *Strickland* showing for any of Trial Counsel's actions or omissions. Accordingly, the Court denies § 2255 relief on Ground One.

**II. Butler fails to demonstrate that his appellate counsel was constitutionally ineffective.**

In Ground Two, Butler claims that his appellate counsel ("Appellate Counsel"), an attorney from the same office as Trial Counsel, was constitutionally ineffective because he raised only one argument on Butler's direct appeal and because he was conflicted with Trial Counsel and so should not have represented Butler.

The *Strickland* standard applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). For all grounds for § 2255 relief, the petitioner must "state the facts supporting each ground" for relief. Rules Governing Section 2255 Proceedings, Rule 2(b)(2).

Butler first argues that Appellate Counsel erred by raising only one argument. Where "appellate counsel competently asserts some claims on a defendant's behalf, it is difficult to sustain an ineffective assistance claim based on allegations that counsel was deficient for failing to assert some other claims." *Gray v. Norman*, 739 F.3d 1113, 1117–18 (8th Cir. 2014)

(alteration omitted). A high bar exists in this situation because appellate attorneys have the duty "to winnow the available arguments and exercise judgment about which are most likely to succeed on appeal. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* at 1118.

Here, Appellate Counsel raised a single argument on appeal, which garnered a published opinion from the Court of Appeals. Butler does not argue that this single claim was meritless, nor does he identify what other arguments Appellate Counsel should have raised, or explain why Appellate Counsel should have raised them. Without such a showing, the Court cannot find that Appellate Counsel's actions were anything less than "strategic choices made after thorough investigation of law and facts relevant to plausible options." *Middleton*, 455 F.3d at 846. Therefore, relief on this basis is denied. *See Gray*, 739 F.3d at 1117–18; Rules Governing Section 2255 Proceedings, Rule 2(b)(2).

Second, Butler argues that because of his "issues" with Trial Counsel, Trial Counsel and Appellate Counsel were conflicted and so Butler "should have never been assigned another attorney out of that office" (Doc. 1, at 5). Again, Butler does not provide any facts for the Court to determine whether Appellate Counsel was deficient in representing Butler despite working at the same office as Trial Counsel. The Court also cannot discern any prejudice to Butler. Relief on this basis is denied.

Butler fails to make his *Strickland* showing for any of Appellate Counsel's actions. Accordingly, the Court denies § 2255 relief on the basis of Appellate Counsel's allegedly ineffective assistance.

### III. Because the Court of Appeals has already decided Butler's claim that the Court sentenced him out of malice, the Court cannot now consider that claim.

In Ground Three, Butler claims that his sentence was excessive and argues, as he did on direct appeal, that it was imposed out of malice by this Court. The Court of Appeals held on direct appeal that "there is absolutely nothing in the record to 'create an impression' that the district court varied upward in retaliation for Butler appealing his initial sentence." *Butler*, 743 F.3d at 648. Because Butler already raised this issue on appeal, and does not argue any exceptions apply, he cannot relitigate it now. *See Wiley*, 245 F.3d at 752. Even if the Court could entertain the merits of this argument, to the extent Butler attacks the Court's interpretation and application of the United States Sentencing Guidelines, such an attack is not cognizable under § 2255. *See Sun Bear*, 644 F.3d at 704–06. Relief on Ground Three is denied.

### IV. Butler does not provide enough facts for the Court to entertain his jurisdictional and evidentiary arguments.

In Ground Four, Butler argues both that the Court lacked jurisdiction to impose its sentence, and that there was insufficient evidence to convict him. Whatever the merits of these arguments may be, they could have been brought on direct appeal. Therefore, these claims are procedurally defaulted. *See Bousley*, 523 U.S. at 622. Because Butler does not argue that he meets any exception to the procedural default rule, the Court denies relief on Ground Four.

### V. No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States,* 347 F.3d

8
Case 4:09-cr-00235-DGK   Document 92   Filed 01/06/15   Page 8 of 9

720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle him to relief).

As discussed above, Butler's claims are either facially inadequate, or contradicted by the record. Consequently, no evidentiary hearing is required or will be held.

## VI. **No certificate of appealability shall issue.**

Because the Court will enter a final order adverse to Butler, it must grant or deny a certificate of appealability. *See* Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claims "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because no reasonable jurist would grant this motion, the Court denies a certificate of appealability. *See* 28 U.S.C. § 2255.

## Conclusion

Butler's claims are without merit. Accordingly, Butler's motion is DENIED. An evidentiary hearing is not warranted and a certificate of appealability shall not issue.

**IT IS SO ORDERED.**

Date:  January 6, 2015              /s/ Greg Kays
                                                       GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT